**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RYAN L. APRILL, an individual, and THOMAS S. APRILL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHONY AQUILA, AQUILA FAMILY VENTURES, LLC, AFV FOUNDERS SELECT CAPITAL PARTNERS LLC a/k/a AFV PARTNERS LLC, AFV MANAGEMENT ADVISORS LLC, AND AFV FSCP CO-INVESTMENT I LLC a/k/a AFV PARTNERS CO-INVESTMENT I LLC, <br><br> Defendants. | Case No. 20 CV 04657 <br><br> Hon. Martha M. Pacold |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(3), 12(B)(6), 9(B) AND MOTION TO STRIKE PURSUANT TO 12(F)**

Anthony Aquila, Aquila Family Ventures, LLC, AFV Partners LLC, AFV Management Advisors LLC and AFV Partners Co-Investment I LLC (collectively, "Defendants") hereby move to dismiss this action with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6), and 9(b). If any claims should survive, Defendants also move to strike irrelevant and scandalous material pursuant to Rule 12(f). Defendants' arguments in support of this Motion are set forth in detail in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Complaint, which is filed contemporaneously with this Motion and is fully incorporated herein.[1] In support of this Motion, Defendants briefly state as follows:

---

[1] Pursuant to Judge Pacold's current motion procedures, the parties will confer and submit a joint proposed briefing schedule on the instant motion to Judge Pacold's proposed order email.

1.     Anthony Aquila is a successful entrepreneur who founded a technology-focused investment fund, Defendant AFV Partners LLC, in 2019. Ryan and Tom Aprill (a son and father duo) worked at AFV Partners for less than ten months and six months respectively.

2.     Plaintiffs allege that upon their termination, Ryan and Tom received final after-tax compensation in excess of any amount allegedly owed under the terms of any alleged written or oral agreement. Yet Plaintiffs brought this suit, claiming they are entitled to higher salaries, annual bonuses, and the right to receive carried interest—a portion of AFV Partners' equity stake in the companies in which it invests.

3.     Plaintiffs assert 14 counts against Defendants, all based on the same alleged conduct and seeking the same damages. Plaintiffs have five primary claims and nine claims pleaded in the alternative. All of those claims suffer from a number of fatal flaws.

4.     As an initial matter, all of Ryan's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because the contract Ryan claims governs his employment includes an arbitration provision. Therefore, Ryan agreed to arbitrate all claims in Dallas, Texas.

5.     All of Plaintiffs' primary claims should be dismissed pursuant to 12(b)(6) for failure to state a claim. Neither Plaintiff has alleged a breach of employment contract. Ryan's employment contract specifies that any bonus is both annual and discretionary. There is no contractual promise to provide carried interest; carried interest is noted in the agreement only as a future possibility and contingent on company discretion and vesting provisions. Tom's allegations of an oral agreement fall short of pleading the material terms and conditions required to be enforceable. None of the Defendants are Illinois employers, and therefore they cannot be sued under the Illinois Wage Payment and Collection Act; nor do they allege unpaid, earned

compensation under the statute. Finally, Ryan's claim for breach of fiduciary duty fails as a matter of law because employers do not owe employees a fiduciary duty.

6. Plaintiffs' alternative claims similarly fail. Their promissory and equitable estoppel claims fail for numerous reasons, including that as at-will employees any reliance was not reasonable as a matter of law. Unjust enrichment claims cannot be sustained as an independent cause of action. Plaintiffs' claims for fraudulent inducement should be dismissed because they failed to plead with the requisite specificity required by Rule 9(b).

7. Last, if this Court permits any of Plaintiffs' claims to proceed, irrelevant, immaterial and scandalous content should be stricken from the Complaint pursuant to Rule 12(f). Plaintiffs' Complaint includes numerous irrelevant allegations that appear to be designed to embarrass Defendants. Those improper allegations should be stricken.

WHEREFORE, for the reasons described briefly here and detailed in the Memorandum in Support of this Motion, filed contemporaneously herewith, Defendants respectfully request that this Court grant their Motion and dismiss all claims against Defendants. And because Plaintiffs' own allegations and incorporated documents establish that they cannot state a claim, dismissal should be with prejudice.

Dated: October 13, 2020     Respectfully submitted,

*/s/ Brian D. Sieve*

Brian D. Sieve, P.C. (Illinois Bar No. 6199741)
Kate Guilfoyle (Illinois Bar No. 6309150)
(admitted *pro hac vice*)
Lisa Santaniello (Illinois Bar No. 6333299)
(admitted *pro hac vice*)
brian.sieve@kirkland.com
kate.guilfoyle@kirkland.com
lisa.santaniello@kirland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: +1 312 862 2000
Facsimile: +1 312 862 2200

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, a true and correct copy of the foregoing document, **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(3), 12(b)(6) AND 9(b) AND MOTION TO STRIKE PURSUANT TO 12(f)**, was electronically filed and served upon counsel of record via the Court's CM/ECF System.

*/s/ Brian D. Sieve*
Brian D. Sieve